COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


DOMINION COAL CORPORATION
AND
JEWELL RESOURCES CORPORATION

v.   Record No. 2063-95-3                    MEMORANDUM OPINION[*]
                                                PER CURIAM
THOMAS MILTON ROBERTS                         MARCH 5, 1996


                              FROM THE VIRGINIA WORKERS'
COMPENSATION COMMISSION

             (S. T. Mullins; Street, Street, Street, Scott &
             Bowman, on brief), for appellants.

             (Thomas Milton Roberts, pro se, on brief).


     Dominion Coal Corporation and its insurer (hereinafter
collectively referred to as "employer") contend that the Workers'
Compensation Commission erred in finding that the applicable
statute of limitations did not bar the commission from
considering Thomas Milton Roberts' claim.  The claim was filed on
February 17, 1995, alleging an occupational disease of coal
workers' pneumoconiosis.  Employer argues that claimant received
 communications of an occupational disease when he signed waivers
in 1974 and 1979, which began the running of the applicable
limitations period.  Upon reviewing the record and the briefs of
the parties, we conclude that this appeal is without merit.
Accordingly, we summarily affirm the commission's decision.
Rule 5A:27.

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Code § 65.2-406(A)(1) provides that a claim for compensation for coal workers' pneumoconiosis is forever barred unless it is filed within "three years after a diagnosis of the disease, as a category 1/0 or greater as classified under . . ., is first communicated to the employee or within five years from the date of the last injurious exposure in employment, whichever occurs first."

In rejecting employer's argument, the commission ruled that claimant's testimony that he signed two previous waivers, in itself, did not establish a communication, nor act as a time bar.[1] In so ruling, the commission stated that, "[o]nly a waiver for pneumoconiosis, approved by the Commission, would work to begin the running of the statute of limitations."

If and when a diagnosis of an occupational disease is communicated to a claimant it is a finding of fact. See Roller v. Basic Constr. Co., 238 Va. 321, 329, 384 S.E.2d 323, 326 (1989). Upon appellate review, the findings of fact made by the commission will be upheld when supported by credible evidence. James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

No evidence proved that any qualified physician in 1974 or 1979 communicated a diagnosis of coal workers' pneumoconiosis of a category 1/0 or greater to claimant. Although claimant

---

[1] No evidence showed that any waivers had ever been filed with the commission.

testified in general terms that he signed waivers, he denied that he was ever told or knew that he suffered from pneumoconiosis before May 1994. Rather, he stated that, in 1979, the doctor told him he had lung cancer. However, no evidence showed that claimant was ever told or knew that this disease arose out of and in the course of his employment. The uncontradicted medical evidence showed that claimant first received a communication of coal workers' pneumoconiosis in May 1994, when his chest x-ray was read as positive for category one coal workers' pneumoconiosis. This evidence is credible, and it supports the commission's finding.

Based upon this record, we cannot find as a matter of law that the commission erred in holding that claimant's February 17, 1995 application was not barred by the applicable statute of limitations.

Accordingly, we affirm the commission's decision.

<u>Affirmed.</u>